**E-FILED**
Monday, 25 June, 2007  02:42:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NECA-IBEW WELFARE TRUST FUND, | ) | |
| NECA-IBEW PENSION TRUST FUND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| HOHIMER ELECTRIC INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME Plaintiffs, NECA-IBEW WELFARE TRUST FUND, NECA-IBEW PENSION TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, HOHIMER ELECTRIC INC., and allege as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132 and 29 U.S.C. §1145.

2. The Plaintiffs, NECA-IBEW WELFARE TRUST FUND and NECA-IBEW PENSION TRUST FUND, are employee benefit plans administered pursuant to the terms and provisions of the Agreements and Declarations of Trust creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA, 29 U.S.C. §1001 et seq. The address and place of business of the Plaintiffs is NECA-IBEW WELFARE and PENSION TRUST FUNDS, 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. § 102 (5), (11), (12) and (14). Defendant employs bargaining unit individuals

who are members of and represented by Local Union 193 of the International Brotherhood of Electrical Workers, and said individuals are participants in Plaintiffs' employee benefit fund, pursuant to a Letter of Assent.  A copy of the Letter of Assent is attached hereto and incorporated herein as **Exhibit A**.

4.       The Defendant's address is Mechanicsburg, Illinois 62545.

5.       Pursuant to ERISA, 29 U.S.C. §1145, the Defendant is required to make contributions to Plaintiffs, NECA-IBEW WELFARE TRUST FUND and NECA-IBEW PENSION TRUST FUND, in accordance with the terms and conditions of the Funds' Agreements and Declarations of Trust.  Said Agreements and Declarations of Trust, in pertinent part, are attached hereto and incorporated herein as **Exhibits B and C**.

6.       Defendant has failed and refused to remit delinquent contributions and penalties and interest for the period from  March 2004 through April 2007 to the Health and Welfare Fund in the amount of $58,699.45 and to the Pension Fund in the amount of $39,620.41, for a grand total $98,319.86.  A copy of the breakdown is attached hereto and incorporated herein at **Exhibit D**.

7.       That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreements and Declarations of Trust, the Defendant is liable for reasonable attorney fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. Attached hereto and incorporated herein as **Exhibit E** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $2,526.85 incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A.       For a Judgment against the Defendant for the amounts owed for delinquent contributions and penalties and interest for the period from March 2004 through April 2007 to the Health and Welfare Fund in the amount of $58,699.45 and to the Pension Fund in the amount of

$39,620.41, for a grand total $98,319.86;

   B.  That Defendant be decreed to pay the Plaintiffs its reasonable attorney fees in the amount of $2,526.85 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiffs' Agreements and Declarations of Trust;

   C.  That Defendant be specifically required to perform and continue to perform all of its obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments heretofore referred to;

   D.  That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

   E.  That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's costs.

        NECA-IBEW WELFARE TRUST FUND and
        NECA-IBEW PENSION TRUST FUND,
        Plaintiffs,

        By: _____ s/ James P. Moody _____
         JAMES P. MOODY
         **CAVANAGH & O'HARA**
         407 East Adams
         P. O. Box 5043
         Springfield, IL  62705
         Telephone:  (217) 544-1771
         Facsimile:  (217) 544-5236
         jim@cavanagh-ohara.com

         JOHN A. WOLTERS
         **CAVANAGH & O'HARA**
         407 East Adams
         P. O. Box 5043
         Springfield, IL  62705
         Telephone:  (217) 544-1771
         Facsimile:  (217) 544-5236
         johnwolters@cavanagh-ohara.com

F:\files\NECA-IBE\DELIQ\Hohimer Electric\Complaint.3.DEL.P&I.wpd

# CIVIL COVER SHEET

**E-FILED**
Monday, 25 June, 2007  02:43:00 PM
Clerk, U.S. District Court, ILCD

The JS -- 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

NECA-IBEW Welfare Trust Fund and

NECA-IBEW Pension Trust Fund

## DEFENDANTS

Hohimer Electric Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Macon
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Sangamon
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Cavanagh & O'Hara

407 East Adams Street

Springfield, IL  62701     (217) 544-1771

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br><br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

E.R.I.S.A., 29 U.S.C. Sec. 1145

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $100,846.71**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE

June 18, 2007

SIGNATURE OF ATTORNEY OF RECORD

s/ James P. Moody

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS — 44
## Authority For Civil Cover Sheet

The JS — 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    (a) **Plaintiffs — Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a),F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.**  This section of the JS -- 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.**  This section of the JS — 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

3:07-cv-03158-JES-BGC     # 1-3       Page 1 of 1

**E-FILED**
Monday, 25 June, 2007 02:43:12 PM
Clerk, U.S. District Court, ILCD

## LETTER OF ASSENT - A

In signing this letter of assent, the undersigned firm does hereby authorize [1] **Illinois Chapter, Springfield Division,**

NECA                       as its collective bargaining representative for all matters contained in or pertaining to the

current and any subsequent approved [2] **Inside**            labor agreement between the

[1] **Illinois Chapter, Springfield Division, NECA**       and Local Union [3] **193**   IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor

agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the [4] **20th**   day of

**November**     , **2001** . It shall remain in effect until terminated by the undersigned employer giving written notice to the

[1] **Illinois Chapter, Springfield Division, NECA**        and to the Local Union at least one hundred

fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

     The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

     In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

**Hohimer Electric, Inc.**
[5] Name of Firm

**222 N. Church**
Street Address/P.O. Box Number

**Mechanicsburg, IL 62545**
City, State (Abbr.) Zip Code

[6] Federal Employer Identification No.: **36-4463028**

> **APPROVED**
> INTERNATIONAL OFFICE-I.B.E.W.
>
> DEC 4 2001
>
> Edwin D. Hill, President
> This approval does not make the
> International a party to this agreement.

SIGNED FOR THE EMPLOYER               SIGNED FOR THE UNION [3] **193**   IBEW

BY [7]                **SIGNATURE REDACTED**

NAME [8] *Albert J. Hohimer*        NAME [8]   R. Michael Patsche
(original signature)                    (original signature)

TITLE/DATE *President   11-26-01*      TITLE/DATE   Business Manager/ 11-20-01

### INSTRUCTIONS (All items must be completed in order for assent to be processed)

[1] NAME OF CHAPTER OR ASSOCIATION
Insert full name of NECA Chapter or Contractors Association involved.
[2] TYPE OF AGREEMENT
Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must be the IBEW local whose agreement the employer is assenting to.
[3] LOCAL UNION
Insert Local Union Number.
[4] EFFECTIVE DATE
Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

[5] EMPLOYER'S NAME & ADDRESS
Print or type Company name & address.

[6] FEDERAL EMPLOYER IDENTIFICATION NO.
Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.

[7] SIGNATURES
[8] SIGNER'S NAME
Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

> RECEIVED
> FEB - 1 ...

A MINIMUM OF **FIVE** COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.
IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.

IBEW FORM 302 REV. 6/94

> **EXHIBIT**
> **A**

E-FILED
Monday, 25 June, 2007 02:43:23 PM
Clerk, U.S. District Court, ILCD

AGREEMENT AND DECLARATION OF TRUST
OF
NECA-IBEW WELFARE TRUST FUND

WHEREAS, an Agreement and Declaration of Trust was entered into the 21st day of November, 1955, by and between the DECATUR DIVISION, the SPRINGFIELD DIVISION, the PEORIA DIVISION, the CHAMPAIGN DIVISION and the DANVILLE DIVISION of the ILLINOIS CHAPTER of the NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION: DECATUR LOCAL 146, SPRINGFIELD LOCAL 193, PEORIA LOCAL 34, CHAMPAIGN LOCAL 601, and DANVILLE LOCAL 538, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and WARREN DECATUR, GEORGE CAST, JR., HARRISON F. BLADES, A. C. KOHLI, MELVIN WILLIAMS, FLOYD SNYDER AND WILLIAM AHLENIUS, who with their successors designated in the manner herein provided are hereinafter called the "Trustees".

WHEREAS, the original Agreement has been amended from time to time; and

WHEREAS, the Trustees desire that said Agreement and Declaration of Trust be amended and restated;

NOW, THEREFORE, by virtue of the authority vested in them by Article XVII of the Agreement and Declaration of Trust of the NECA-IBEW WELFARE TRUST FUND the Trustees hereby amend the Agreement and Declaration of Trust effective _____ and, as amended, restate it as follows:

ARTICLE I

NAME OF THE TRUST

The Trust maintained hereunder shall be known as the NECA-IBEW WELFARE TRUST FUND and the business and affairs of the Trust shall be conducted in that name, and the Welfare Fund may sue or be sued in that name.

ARTICLE II

DEFINITIONS

Section 1.   The term "Association" shall mean any Association of Electrical Contractors and/or Chapter of the National Electrical Contractors Association, Inc., who becomes party to or bound by this Agreement.

1.



EXHIBIT
B

Section 4.    Contributions by Participating Employers to the Trust Fund shall be paid monthly, on or before the 15th day of the month following the month for which they are due. Contributions shall be paid by check, draft or money order, drawn to the order of the Trust, and shall be mailed, together with duplicate statements as hereinafter provided, to the Fund Office.

Section 5.    Statements accompanying monthly contributions shall be made on a form furnished by the Trustees, and shall contain such information as the Trustees may deem reasonable and necessary to compute the amount of the contribution due from each Participating Employer and the eligibility of employees for benefits.

Section 6.    If any Participating Employer fails to make the required contribution on or before the day it is due, the Trustees then may:

    (a)  Apply any surplus monies in the Trust Fund for the account of said Participating Employer, without prejudice to the right of the Trustees to collect the payment in default, plus the cost and expense of said collection; or

    (b)  Receive payment of the amount in default from a third party and subrogate their rights to collect the payment in default, plus the cost and expense of said collection to said third party; or

    (c)  Institute, prosecute or intervene in such judicial proceedings as may be necessary or desirable to accomplish the collection of the contributions of a defaulting Participating Employer.

## ARTICLE V

## COLLECTION OF EMPLOYER CONTRIBUTIONS

Section 1.    The Trustees shall have the power to demand, collect and receive Employer Contributions from any contributing Employer on the actual number of hours for which each Employee has worked, and shall hold such monies for the purposes specified in Article III of this Agreement and Declaration of Trust.

authorized representative of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of any Employer and to audit, examine and copy such books, records, papers and reports of the Employer as may be necessary to determine the number of employees, hours of work performed, place of performance and other information pertinent to a determination of the proper amount of such Employer's contribution to the Trust Fund.

Each Employer shall make these books, records, papers and reports available to any authorized representative of the Trustees for such purposes.  In the event that the Trustees utilize legal counsel to aid them in securing compliance by any Employer with the provisions of this Article, such Employer shall be liable for all costs incurred, including, but not limited to, reasonable attorneys' fees, even though no legal proceedings are actually initiated, and court costs.

In the event the audit discloses that any Employer during the period of the audit, has underpaid its contributions the Employer shall be liable for the costs of the examination.  The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

Section 3.  It is recognized and acknowledged by all parties including the Participating Employers, that the regular and prompt payment of contributions is essential to the maintenance of an employee benefit plan and that it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the plan which would result from the failure of an individual Employer to pay the required contributions within the time provided.  Therefore, if any individual Employer is delinquent, i.e. shall fail to pay the required contribution by the due date, such Employer shall be additionally liable for liquidated damages in the aggregate sum of:

(a)  $50.00 per month on each monthly report and/or contributions that are not received by the 15th of the month up to a maximum of $500.00; and

(b)  twice the prime interest rate on the amount of each month's delinquent contributions, compounded monthly.

In the event the Trustees place the account in the hands of legal counsel for collection, the delinquent Employer shall be liable for reasonable attorneys' fees, and

9.

reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. The Trustees shall have the authority, however, to waive all or part of the liquidated damages, interest, attorneys' fees, or collections costs, for good cause shown.

## ARTICLE VI

### GENERAL POWERS AND DUTIES OF THE TRUSTEES

The Trustees shall have and are hereby given, in addition to those granted by law, or granted elsewhere in this instrument the complete right, title, control and supervision of the Trust Fund and Trust Estate and in connection therewith are given the power to:

Section 1. Invest and reinvest such funds as in their sole judgment are not required to defray the current expenses of the Trust Fund;

Section 2. Deposit uninvested funds forming part of the Trust Estate in such depositories as they may from time to time select such funds shall be deposited in federally insured accounts, except to the extent that the Trustees otherwise deem necessary or desirable;

Section 3. Sell, exchange, lease, convey, or dispose of any property, real or personal, at any time forming part of the Trust Estate upon such terms and conditions as they deem proper and to execute and deliver any and all documents required in connection therewith;

Section 4. Exercise options, conversion privileges, or rights to subscribe for additional securities and to make payment therefor;

Section 5. Consent to, or participate in dissolutions, reorganizations, consolidations, mergers, sales, leases, mortgages, transfers or other changes affecting securities or investments held by them and in connection therewith to pay any assessment, subscription or other charges;

Section 6. Enter into any and all contracts and agreements including, but not limited to Reciprocal Agreements with other employee benefit welfare plans which are in their opinion necessary or desirable to carry out the purposes of the Trust;

10.

**E-FILED**
Monday, 25 June, 2007  02:43:33 PM
Clerk, U.S. District Court, ILCD

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRUST

AGREEMENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Adopted March 14, 1972
As Amended
February 19, 1981

NECA-IBEW PENSION TRUST FUND

*ℓ.000*



EXHIBIT

*C*

SECTION 2.  EFFECTIVE DATE OF CONTRIBUTIONS.  All contributions shall be made effective as required by the aforementioned Agreement, and shall continue to be paid as long as the Employer is obligated under said Agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as hereinafter provided.

SECTION 3.  MODE OF PAYMENT.  All contributions shall be payable to the NECA-IBEW Pension Trust Fund and shall be paid in the manner and form determined by the Trustees.

SECTION 4.  DEFAULT IN PAYMENT.  Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments.  In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the monies due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees.  The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

SECTION 5.  REPORT ON CONTRIBUTIONS.  The Employers shall make all reports on contributions required by the Trustees.  The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any Employer in connection with the said contributions and/or reports.

-15-

SECTION 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the aforementioned Agreement, and shall continue to be paid as long as the Employer is obligated under said Agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as hereinafter provided.

SECTION 3. MODE OF PAYMENT. All contributions shall be payable to the NECA-IBEW Pension Trust Fund and shall be paid in the manner and form determined by the Trustees.

SECTION 4. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the monies due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees. The Trustees may take any action necessar- to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

SECTION 5. REPORT ON CONTRIBUTIONS. The Employers shall make all reports on contributions required by the Trustees. The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any Employer in connection with the said contributions and/or reports.

-15-

there is a five year vesting for non bargaining as the law requires. Mr. Gruenberg suggested that the Trustees wait to see what these rules are going to be before making changes.

Mr. Gruenberg discussed the Domestic Relations Orders and the requirements of the Fund when such an order is received.

Mr. Gruenberg was requested to review the Trust in regard to the new IBEW mandate that excludes unindentured and first year apprentices from pension contributions. Mr. Gruenberg referred to the Trust Agreement and what the Trust Indenture states as far as participants. He stated the question he had been asked is there some discrimination as far as the Pension Fund if the employer does not make contributions on behalf of unindentured or first year apprentices. He stated there is no conflict in the Trust Agreement. He stated the collective bargaining agreement has to specify for whom contributions will be made.

A motion was made, seconded and unanimously carried to accept the report of the attorney.

Recess 9:40 A.M.

Meeting called to order again at 9:47 A.M.

AUDITOR'S REPORT

Mr. Schrank distributed the Annual Audit Report for the year ended May 31, 1987 to the Trustees. He reviewed the report in detail with the Trustees.

A motion was made, seconded and unanimously carried to accept the report of the auditor.

OTHER BUSINESS

There was discussion on having a written delinquency procedure. Mr. Gruenberg stated that if suit is instituted, the Fund or Union must have some instrument to back up its claim. He stated that would best be taken care of by amending the Plan to specifically provide for a provision that specifies that the Plan may recover from a delinquency certain penalties, audit fees, attorney fees, etc. Mr. Gruenberg suggested that the Trustees adopt a clause to put into the Plan. He stated the Trustees would need to determine the amount. He stated he would then draft the clause. Mr. Gruenberg suggested that there be a $50.00 penalty for failure to file timely report by 15th day of the month and a 20% penalty of the amount of the total monthly contribution due for each untimely contribution payment. Also, payment of all audit costs in order to ascertain correct amount, all costs of litigation, including attorney fees which shall not be less than one third of the judgment amount, all costs of collection, audit fees and delinquency penalties.

A motion was made, seconded and carried to accept this suggested language. 1 no vote

Mr. Black stated there had been some discussion on where we have our money invested. He stated if there is a problem with companies, we can instruct the money managers to sell that stock. Mr. Pair stated that the money managers will be appearing before the full Board of Trustees sometime in 1988. Mr. Black felt there needs to be a procedure before we tell them to sell.

**E-FILED**
Monday, 25 June, 2007  02:44:11 PM
Clerk, U.S. District Court, ILCD

**Hohimer Electric-Amounts Owed Pension**
**As of 6/08/07**

**Missing Reports**

| | |
|---|---|
| March-06 | $2,711.05 |
| April-06 | $2,559.20 |
| May-06 | $1,770.65 |
| June-06 | $2,830.90 |
| July-06 | $2,721.85 |
| Aug-06 | $3,113.10 |
| Sep-06 | $3,661.80 |
| Oct-06 | $3,124.25 |
| Nov-06 | $2,590.75 |
| Dec-06 | $3,021.50 |
| Jan-07 | $1,458.00 |
| Feb-07 | $931.80 |
| Mar-07 | $0.00 |
| Apr-07 | $0.00 |
| **Total** | **$30,494.85** |

**Penalty & Interest Owed**

| | |
|---|---|
| March-04 | $218.11 |
| May-04 | $366.46 |
| June-04 | $346.40 |
| July-04 | $337.86 |
| August-04 | $300.67 |
| September-04 | $248.43 |
| October-04 | $280.68 |
| November-04 | $544.23 |
| December-04 | $548.49 |
| February-05 | $514.00 |
| March-05 | $495.69 |
| April-05 | $454.24 |
| May-05 | $511.50 |
| June-05 | $533.46 |
| July-05 | $551.31 |
| August-05 | $520.88 |
| September-05 | $500.35 |
| October-05 | $531.28 |
| November-05 | $455.04 |
| December-05 | $403.52 |
| Feb-06 | $462.96 |
| **Total** | **$9,125.56** |

**Grand Total Owed**
**Pension**        **$39,620.41**



**fig**
**As of 6/08/07**

**Missing Reports**

| Month | Amount Due |
|---|---|
| March-06 | $4,340.55 |
| April-06 | $4,779.20 |
| May-06 | $3,404.15 |
| June-06 | $4,985.20 |
| July-06 | $4,761.18 |
| Aug-06 | $5,283.90 |
| Sep-06 | $6,226.35 |
| Oct-06 | $5,636.68 |
| Nov-06 | $4,490.80 |
| Dec-06 | $5,227.25 |
| Jan-07 | $2,294.33 |
| Feb-07 | $1,514.10 |
| Mar-07 | $0.00 |
| Apr-07 | $0.00 |
| **Total** | **$52,943.69** |

**Penalty & Interest Owed**

| Month | Amount Due |
|---|---|
| March-04 | $84.06 |
| May-04 | $327.44 |
| June-04 | $235.14 |
| July-04 | $170.74 |
| August-04 | $173.44 |
| September-04 | $125.62 |
| October-04 | $86.99 |
| November-04 | $467.70 |
| December-04 | $441.70 |
| February-05 | $416.40 |
| March-05 | $350.28 |
| April-05 | $259.23 |
| May-05 | $387.45 |
| June-05 | $317.20 |
| July-05 | $337.28 |
| August-05 | $266.31 |
| September-05 | $315.04 |
| October-05 | $386.45 |
| November-05 | $294.36 |
| December-05 | $219.84 |
| February-06 | $93.09 |
| **Total** | **$5,755.76** |

**Grand Total Owed**
**Health & Welfare**     **$58,699.45**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NECA-IBEW WELFARE TRUST FUND and, | ) | |
| NECA-IBEW PENSION TRUST FUND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| HOHIMER ELECTRIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES**

I, JAMES P. MOODY, having first been duly sworn on oath, state that the following itemization accurately represents the time and costs expended by this office in this cause:

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 11/03/05 | Received and reviewed email from Robin Hamilton of Fund Office regarding update on delinquency; update Delinquency Status Report. | .15 |
| 11/04/05 | Review file; draft demand letter. | .60 |
| 11/07/05 | Demand letter to employer re: July, August and September 2005 contribution report forms via certified mail and regular mail; update Delinquency Status Report; calendar response date. | .80 |
| 11/30/05 | Review file; email Fund Office re: status. | .15 |
| 12/08/05 | Final demand letter to employer via certified mail and regular mail; update Delinquency Status Report; calendar response date. | .70 |
| 12/20/05 | Review file; email to Robin Hamilton of Fund Office regarding status. | .20 |
| 12/28/05 | Received and reviewed email from Robin Hamilton of Fund Office regarding status; final notice letter to employer; update Delinquency Status Report; calendar response date. | .80 |
| 01/13/06 | Review file regarding status; preparation of email to Robin Hamilton of Fund Office regarding same. | .10 |



EXHIBIT
E

3:07-cv-03158-JES-BGC     # 1-7     Page 2 of 5

| | | |
|---|---|---|
| 01/17/06 | Received and reviewed email from Robin Hamilton regarding status. | .10 |
| 01/24/06 | Review file; begin draft of Complaint for delinquent contribution report forms and penalties and interest; assemble exhibits. | .40 |
| 01/30/06 | Telephone conference with Albert Hohimer regarding delinquency; left message. | .10 |
| 02/08/06 | Preparation of Civil Cover Sheet, Certificate of Interest and Affidavit of Attorney Fees. | 1.60 |
| 03/15/06 | Telephone conference with Sangamon County Sheriff's Department regarding service fee. | .10 |
| 04/06/06 | Received and reviewed email from Fund Office with updated breakdown; update Delinquency Status Report. | .20 |
| 04/10/06 | Telephone conference with Judge Cudmore's chambers to schedule Citation to Discover Assets. | .85 |
| 04/21/06 | Revise Citation to Discover Assets; letter to U.S. District Court to have issued. | .60 |
| 05/01/06 | Received and reviewed issued Citation to Discover Assets; telephone conference with Sangamon County Sheriff re: service fee; letter to Sangamon County Sheriff enclosing Citation to Discover Assets. | .70 |
| 05/02/06 | Review file re: status; update Status Report. | .10 |
| 05/08/06 | Received and reviewed Return of Service from Sangamon County Sheriff's Department on Citation to Discover Assets; redaction and conversion and e-file with U.S. District Court of same; update Status Report. | .60 |
| | Received and reviewed file-stamped Citation to Discover Assets. | .10 |
| 05/17/06 | Telephone conference with Cheryl Davis, Court Reporter, re: Citation to Discover Assets; letter to Cheryl Davis, Court Reporter, enclosing same. | .60 |
| 05/24/06 | Review file re: amounts owed; preparation of email to Fund Office re: update; received and reviewed email from Fund Office; update Status Report; telephone conference with Albert Hohimer re: Citation. | .35 |
| 05/26/06 | Attend Citation to Discover Assets. | .60 |
| 09/08/06 | Telephone conference with Albert Hohimer re: delinquency. | .10 |

| | | |
|---|---|---|
| 09/22/06 | Telephone conference with Albert Hohimer re: payment plan for delinquency. | .15 |
| 10/18/06 | Telephone conference with Albert Hohimer re: payments; update Delinquency Status Report. | .20 |
| 11/17/06 | Telephone conference with Local Union re: Hohimer. | .25 |
| 12/06/06 | Telephone conference with Albert Hohimer; conference with Sally Runuan re: Hohimer Electric; discuss collection of judgment; conference with Dave Burns; email Robin Hamilton. | .75 |
| 12/12/06 | Preparation of Citation to Discover Assets. | .75 |
| 12/15/06 | Telephone conference with Terry Lowe enclosing Citation. | .60 |
| 01/03/07 | Received and reviewed Affidavit of Service on Citation; redaction of signatures, scanning and conversion; e-file same. | .60 |
| | Received and reviewed file-stamped Affidavit of Service on Citation. | .10 |
| | Letter to Cheryl Davis, Court Reporter, enclosing Citation. | .50 |
| 01/18/07 | Prepare for and attend Citation. | 1.50 |
| 01/19/07 | Received and reviewed Minute Entry re: Citation; update Status Report. | .15 |
| 02/26/07 | Prepare updated status report and phone call to Albert Hohimer re: third party citations. | .40 |
| 02/27/07 | Revise Delinquency Status Report for Pension and Health and Welfare Fund. | .20 |
| 03/06/07 | Telephone conference with Albert Hohimer ane extended phone call with Sally Runyon, accountant for Hohimer re: account receivables list and supporting documentation. | .60 |
| | Preparation of letter to Hohimer and Runyon re: account receivable list. | .30 |
| 03/15/07 | Telephone conference from Employer re: account receivables list. | .10 |
| 04/04/07 | Preparation of update for status report. | .10 |
| | Review file; update Delinquency Status Report. | .20 |

| | | |
|---|---|---|
| 05/03/07 | Received and reviewed email from Fund Office re: contribution report forms; letter to Albert Hohimer demanding same via certified and regular mail; calendar response; update Delinquency Status Report. | .95 |
| | Review file; email Fund Office re: contribution report forms; received and reviewed email response; final notice via certified and regular mail; calendar response; update Delinquency Status Report. | .95 |
| 05/23/07 | Telephone conference with Dave Burns re: arbitration decision; received and reviewed decision and labor agreement. | .50 |
| 05/25/07 | Telephone conference with Albert Hohimer re: outstanding delinquency. | .30 |
| 06/12/07 | Preparation of Complaint, Summons, Certificate of Interest, Civil Cover Sheet and assembly of exhibits. | 1.50 |
| | Preparation of Affidavit in Support of Attorney Fees. | 2.00 |
| | Final review of Complaint with exhibits. | .40 |
| 06/18/07 | Revise and finalize Complaint, Summons, Certificate of Interest, Civil Cover Sheet; Assembly of full Complaint with exhibits; Transmittal of same to U.S. District Court via e-mail for opening of new case. | 1.00 |

| | |
|---|---|
| TOTAL HOURS 10.7 x $90.00 PER HOUR | $963.00 |
| TOTAL HOURS 1.95 x $100.00 PER HOUR | $195.00 |
| TOTAL HOURS 1.05 x $175.00 PER HOUR | $183.75 |
| TOTAL HOURS 1.60 x $195.00 PER HOUR | $312.00 |
| TOTAL HOURS 2.45 x $185.00 PER HOUR | $453.25 |

| | | |
|---|---|---|
| 05/01/06 | Sangamon County Sheriff's Department – Service Fee | $30.00 |
| 05/03/07 | Postage - Certified Mail. | $4.64 |
| 05/15/07 | Postage - Certified Mail. | $5.21 |
| 02/07/06 | U.S. District Court – Filing Fee | $350.00 |
| 02/07/06 | Sangamon County Sheriff's Department – Service Fee | $30.00 |
| | **TOTAL AMOUNT DUE** | **$2,526.85** |

FURTHER THIS AFFIANT SAYETH NAUGHT.

_____ s/ James P. Moody _____
JAMES P. MOODY
**CAVANAGH & O'HARA**

407 East Adams
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
jim@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me on this 18th day of June 2007.

**SIGNATURE REDACTED**

Notary Public

"OFFICIAL SEAL"
PATRICIA J. ROBINSON
Notary Public, State of Illinois
My Commission Expires Feb. 16, 2010

F:\files\NECA-IBE\DELIQ\Hohimer Electric\Affidavit.FEE.2.wpd