IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

NECA-IBEW WELFARE TRUST      )
FUND and NECA-IBEW PENSION    )
TRUST FUND,                   )
                              )
        Plaintiffs,           )
                              )
    vs.                       )    No.  07-3158
                              )
HOHIMER ELECTRIC INC.,        )
                              )
        Defendant.            )

## OPINION

JEANNE E. SCOTT, U.S. District Court:

This matter is before the Court on Plaintiffs' Motion for Default Judgment (d/e 6). The Court having reviewed said Motion and other pleadings, and the Complaint having been duly filed and served upon the Defendant, Hohimer Electric, Inc., and Defendant having failed to answer or otherwise plead within the statutory time frame, the Plaintiffs are hereby awarded a Default Judgment against Defendant, Hohimer Electric, Inc., as follows:

A.   Judgment is entered in favor of the Plaintiffs and against the Defendant for known delinquent contributions and penalties and interest

1

for the period from March 2004 through April 2007 to the Health and Welfare Fund in the amount of $58,699.45 and to the Pension Fund in the amount of $39,620.41, for a grand total of $98,319.86; and further, any unpaid contributions and liquidated damages unpaid at the time Judgment is rendered;

  B. Defendant is ordered to pay to the Plaintiffs attorney fees, as provided by the trust agreements and ERISA. See 29 U.S.C. § 1132(g)(2). Plaintiffs seek attorney's fees in the amount of $5,344.27. In support of their request, Plaintiffs have submitted an Affidavit in Support of Attorney's Fees. Motion for Default Judgment, Ex. A. It is clear from the Affidavit that many of the fees and costs requested by Plaintiffs do not relate to the instant lawsuit, which was filed on June 21, 2007.[1] It is not appropriate for the Court to award fees from another lawsuit in connection with the instant Default Judgment. Thus, the Court disallows all attorney's fees requested for work prior to March 7, 2007, and awards Plaintiffs' fees for 27.45 hours. The Court notes that the Affidavit sets forth five hourly rates, $90.00, $100.00, $175.00, $185.00 and $195 per hour, without an explanation or

---

[1] The Court notes the existence of a prior lawsuit between these parties, Case No. 05-3174.

an identification as to which hours were billed at which rate. Given this, the Court deems the $90.00 rate to be the appropriate one, and awards Plaintiffs $2,470.05 in attorney's fees.

    C.    Defendant is ordered to produce documents to permit Plaintiffs to conduct a payroll audit for the period from January 1, 2006 to current; and

    D.    Defendant is ordered to pay all costs attendant to the cost of these proceedings.

IT IS THEREFORE SO ORDERED.

ENTER:   September 19, 2007

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE